UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STACEY LINKOUS, Administrator of the Estate of RICHARD KEITH LINKOUS<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 7:21cv00023<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, Stacey Linkous, Administrator of the Estate of Richard Keith Linkous ("Mr. Linkous"), by counsel, for her Complaint against the Defendant, United States of America, states as follows:

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence, professional malpractice, and wrongful death in connection with medical care provided to Mr. Linkous by the Department of Veterans Affairs at the Veterans Medical Center in Salem, Virginia.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for Mr. Linkous's wrongful death caused by Defendant's negligence and professional malpractice.

3. Plaintiff was qualified as administrator of the estate of Richard Keith Linkous by the Clerk of the Wythe County Circuit Court on March 19, 2019.

1

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiff timely served notice of her claim on the Department of Veterans Affairs less than two years after the Plaintiff knew or in the exercise of due diligence should have known of the injury inflicted and the breach of the standard of care forming the basis of this suit.

6. The administrative claim was acknowledged as received by the Department of Veterans Affairs on August 6, 2019.

7. The administrative claim of Plaintiff was never acted upon by the Department of Veterans Affairs.

8. Plaintiff did not receive a denial of claim after said claim had been pending in excess of six months which may be deemed a denial pursuant to 28 U.S.C. §2675(a), and Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b).

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff and the decedent, Mr. Linkous, were at all times relevant hereto, residents of Wythe County in the Commonwealth of Virginia.

10. Defendant United States of America, through its agency, the Department of Veterans Affairs, owns and operates the Veterans Medical Center located in Salem, Virginia.

11. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, surgeons, and staff at the Veterans Medical Center in Salem, Virginia, are hereinafter collective referred to as "Salem VA Medical Center."

12. At all times relevant to this Complaint, the Salem VA Medical Center held itself out to Mr. Linkous and eligible beneficiaries as a provider of high quality health care services,

with the expertise necessary to maintain the health and safety of patients like Mr. Linkous.

13. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

14. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts or omissions forming the basis of these claims occurred in the Roanoke Division of the Western District of Virginia.

## FACTUAL ALLEGATIONS

15. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, surgeons, and staff of the Salem VA Medical Center were employed by and/or acting on behalf of the Defendant. Furthermore, Defendant is responsible for the negligent acts of its employees and agents under the legal theory of *respondeat superior*.

16. Upon information and belief, at all times relevant hereto, the Defendant and Dr. Arindam Choudhury were health care providers as that term is defined in Virginia Code Ann. §8.01-581.1.

17. At all times relevant hereto, there was a health care provider-patient relationship between Mr. Linkous and Dr. Choudhury.

18. At all times relevant hereto, the Salem VA Medical Center was acting through its employees and agents, including Dr. Choudhury.

19. On May 3, 2018, Mr. Linkous underwent the implantation of a pacemaker at the Salem VA Medical Center which was performed by attending surgeon Dr. Choudhury and resident Amy Cohee.

20. Subsequent to the pacemaker implantation on May 3, 2018, Mr. Linkous developed an infection in the pacemaker pocket.

21. On August 17, 2018, Mr. Linkous called the Salem VA Medical Center and

reported to nurse Christine Lanham that the pacemaker incision site was leaking large quantities of clear fluid in an amount which left his bed wet when he awoke that morning.

22. On August 20, 2018, Mr. Linkous was seen in the pacemaker clinic at the Salem VA Medical Center by surgical resident Ryan Keifer, under the supervision of Dr. Choudhury, for evaluation of drainage from the pacemaker incision site. Mr. Linkous noted the pacemaker incision site was draining and the pacemaker itself felt as though it was migrating toward the surface of his skin. Mr. Linkous was diagnosed with "possible early erosion of pacemaker device."

23. On August 30, 2018, Mr. Linkous was seen in the surgery clinic at the Salem VA Medical Center by Dr. Choudhury for evaluation of drainage from the pacemaker incision site. Dr. Choudhury noted erythema around the incision but no drainage and prescribed antibiotics.

24. On September 5, 2018, Mr. Linkous was seen in the surgery clinic at the Salem VA Medical Center by Dr. Choudhury. Dr. Choudhury noted that there was now an open puncture wound at the incision site, which was increasing in size, along with increased drainage. A culture was taken from the wound site which tested positive for "rare gram positive cocci," a type of bacteria.

25. On September 10, 2018, Mr. Linkous underwent a procedure to drain and debride the infected pacemaker pocket and to insert antibiotic flakes into the pacemaker pocket, which was performed by attending surgeon Dr. Choudhury and resident Lily Johnston. The pre-operative and post-operative diagnosis was "pacemaker erosion, left chest."

26. Subsequent to the procedure on September 10, 2018, the pacemaker pocket remained infected and the pacemaker eroded through Mr. Linkous's skin to the point that the pacemaker was protruding from Mr. Linkous's chest.

27. On September 19, 2018, Mr. Linkous was seen by Dr. Choudhury in the surgery clinic at the Salem VA Medical Center for a follow up evaluation. Dr. Choudhury noted there was a small puncture wound at the incision site which was draining.

28. On October 4, 2018, Mr. Linkous was seen by surgical resident Shannon Kuruvilla, under the supervision of Dr. Choudhury, in the surgery clinic at the Salem VA Medical Center for a follow up evaluation. It was noted there remained a small pinhole wound at the incision site which was draining. The previously placed stitches were removed, and derma bond was placed over the pinhole wound.

29. On October 12, 2018, Mr. Linkous spoke by telephone to various members of the Salem VA Medical Center staff, including Dr. Choudhury, and reported the wound at the pacemaker incision site had increased in size. He further reported he was intermittently spiking fevers, the wound was draining a green colored liquid, and he could "read the serial numbers on his pacemaker." The Salem VA Medical Center staff, including Dr. Choudhury, advised Mr. Linkous to go to the local emergency room.

30. Subsequent to the telephone conversations with the Salem VA Medical Center staff, on October 12, 2018, Mr. Linkous was admitted to the emergency room at Wythe County Community Hospital. The treating physicians in the emergency room noted a moderately sized open wound at the pacemaker incision site with cellulitis. The wound was draining, erythematous, and warm. The pacemaker was noted to be protruding out of Mr. Linkous's chest wound. Two blood cultures were taken which were negative. A wound culture was taken which tested positive for *staphylococcus aureus*, a type of bacteria.

31. On October 14, 2018, Mr. Linkous was seen at the emergency department at the Salem VA Medical Center for evaluation of the pacemaker infection. Mr. Linkous was admitted

on an in-patient basis under the care of Dr. Choudhury.

32. On October 14, 2018, surgical resident Alexandra Banathy, under the supervision of Dr. Choudhury, evaluated Mr. Linkous and noted an open would at the pacemaker incision site which was draining. She further noted the pacemaker generator itself was exposed through Mr. Linkous's skin. Mr. Linkous was given intravenous antibiotics.

33. On October 16, 2018, a culture from the infected pacemaker pocket tested positive for *staphylococcus aureus*, a type of bacteria.

34. On October 16, 2018, Mr. Linkous underwent a procedure to irrigate and debride the infected pacemaker pocket and to create a new pacemaker pocket. Antibiotic flakes were also coated onto the pacemaker. This procedure was performed by attending surgeon Dr. Choudhury and resident Shannon Kuruvilla. After the procedure, Mr. Linkous was discharged home on October 17, 2018.

35. On October 25, 2018, Mr. Linkous was seen by Dr. Choudhury in the surgery clinic for suture removal. Mr. Linkous reported bleeding from the incision site and bruising was noted. Dr. Choudhury elected to leave the sutures in place and gauze dressing was applied.

36. On November 7, 2018, Dr. Choudhury followed up with Mr. Linkous in the surgery clinic at the Salem VA Medical Center and noted a continued punctate area over the incision that was draining.

37. On November 19, 2018, Mr. Linkous was seen by his primary care physician, Dr. James Martin, at the Salem VA Medical Center. Mr. Linkous reported frequent night sweats and generally feeling tired and worn out. Mr. Linkous also reported continued drainage from the pacemaker incision site.

38. On January 16, 2019, Dr. Choudhury again saw Mr. Linkous in the surgery clinic

at the Salem VA Medical Center due to erosion of the pacemaker leads through the skin on Mr. Linkous's chest and draining from the incision site. Dr. Choudhury scheduled Mr. Linkous for another procedure to debride, irrigate, and revise the pacemaker pocket and to coat the same with antibiotic flakes. This procedure was scheduled for February 4, 2019.

39. At the January 16, 2019 appointment, wound cultures were taken from the infected pacemaker pocket which tested positive for *staphylococcus aureus*, a type of bacteria.

40. On January 24, 2019, Mr. Linkous was admitted through the emergency department and placed into the intensive care unit at the Salem VA Medical Center due to septic shock and bacteremia from the infected pacemaker.

41. On January 26, 2019, Mr. Linkous was transferred to Carilion Roanoke Memorial Hospital.

42. On January 27, 2019, a procedure was performed at Carilion Roanoke Memorial Hospital to remove the infected pacemaker and leads from Mr. Linkous's chest.

43. Upon information and belief, the failure of Dr. Choudhury and the Salem VA Medical Center to recognize, correct, assess, manage, and treat the pacemaker infection, including failing to completely remove the pacemaker, all hardware, and leads, were violations of the applicable standards of care.

44. As a direct and proximate result of the negligence and violation of the applicable standards of care of the Salem VA Medical Center and Dr. Choudhury, Mr. Linkous went into septic shock and suffered from bacteremia and fungemia.

45. As a direct and proximate result of the septic shock, fungemia, and bacteremia, Mr. Linkous died on February 6, 2019, at Carilion Roanoke Memorial Hospital.

## CAUSE OF ACTION - NEGLIGENCE

46. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

47. At all times relevant to this Complaint, Dr. Arindam Choudhury was employed by and/or acting on behalf of the Defendant. Under the doctrine of *respondeat superior*, Defendant is liable for the acts of Dr. Choudhury set out herein.

48. At all relevant times to this Complaint, Dr. Choudhury was acting within his respective capacity and scope of employment for the Defendant.

49. The Defendant had a duty to provide the applicable standard of care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

50. The Defendant breached its duty of care to Mr. Linkous. It was medically negligent in its care and treatment of Mr. Linkous in at least the following respects:

a. It failed to completely remove the infected pacemaker, including all hardware and leads, from Mr. Linkous's chest to prevent and stop the spread of infection;

b. It failed to recognize, assess, correct, treat, and manage Mr. Linkous's condition;

c. It failed to appropriately categorize and identify Mr. Linkous's pacemaker pocket infection;

d. If unequipped to perform the removal of the infected pacemaker and leads at the Salem VA Medical Center, it failed to timely transfer Mr. Linkous to a medical provider and/or medical facility capable of performing the removal of the infected pacemaker and leads from Mr. Linkous's chest;

e. It failed to have Mr. Linkous evaluated by a physician in the appropriate medical

specialty to evaluate and treat the infected pacemaker.

51. As a direct and proximate result of Defendant's negligence, Mr. Linkous incurred medical expenses and other damages; he was forced to endure pain and suffering; and he sustained serious and permanent personal injuries and their *sequalae*, in and about his body, which ultimately led to his death.

52. The acts and/or omissions set forth above would constitute a claim under the laws of the Commonwealth of Virginia.

53. The Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

54. The Plaintiff has complied with the provisions of Virginia Code Ann. §8.01-20.1, as amended, by obtaining an expert certification as defined in that statute prior to serving this complaint.

### DAMAGES

55. The Plaintiff realleges each of the allegations contained in the preceding paragraphs.

56. As a direct and proximate result of the Defendant's negligence, Mr. Linkous died on February 6, 2019.

57. If the Defendant had not been negligent in its care and treatment of Mr. Linkous, he would have survived.

58. As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained funeral, burial, and medical expenses, and Mr. Linkous's statutory beneficiaries have suffered mental anguish, sorrow, loss of companionship, comfort, guidance, lost wages, and all other items of damage provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stacey Linkous, Administrator of the Estate of Richard Keith Linkous, does hereby pray that judgment be entered in her favor and against Defendant in the amount of Two Million Three Hundred and Fifty Thousand Dollars ($2,350,000.00), plus costs and attorney's fees incurred in this action.

Respectfully submitted,

STACEY LINKOUS, Administrator of the Estate of Richard Keith Linkous

By _____
   Counsel

Thomas M. Jackson III (VSB No. 80510)
Counsel for Plaintiff
The Jackson Law Group, PLLC
PO Box 130
Hillsville, VA 24343
Phone: 276.728.3737
Fax: 276.728.3133
tee.jackson@tomjacksonlaw.com

Thomas M. Jackson Jr. (VSB No. 21804)
Counsel for Plaintiff
The Jackson Law Group, PLLC
P.O. Box 130
Hillsville, VA 24343
Phone: 276.728.3737
Fax: 276.728.3133
tom.jackson@tomjacksonlaw.com